IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ROBERT HIGGINBOTHAM                                                                                    PLAINTIFF

v.                                               Civil No. 5:21-5111

UNITED STATES GOVERNMENT                                                                      DEFENDANTS

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Robert Higginbotham, proceeds in this matter *pro se* and *in forma pauperis*. (ECF No. 1). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2011), the Honorable Timothy L. Brooks, United States District Judge, referred Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* and Motion for Service (ECF No. 3) to the undersigned for review. On July 7, 2021, this Court granted Plaintiff's application to proceed *in forma pauperis,* (ECF No. 6), and now turns to Plaintiff's Motion for Service.

Because Plaintiff proceeds *in forma pauperis*, the Court must dismiss his complaint, or any portion thereof, containing claims that: (1) are frivolous or malicious; (2) fail to state a claim upon which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i-iii). A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

Plaintiff's Complaint is premised upon "federal question jurisdiction" for "issuing warrants without probable cause," the violation of the "right to be informed of charges," the violation of the "right to legal counsel," and the violation of Plaintiff's "protection against excessive bail." (ECF No. 1 at 3). Plaintiff names, as the Defendant, the "United States Government" and seeks both monetary and nonmonetary damages. *Id*. Plaintiff states:

> The United States Government ran my life, from childhood (since 4/28/93) to adult life, in a Truman Show like format . . . I have been constantly drugged in my home, car, and in public places to behave how they want and they have used my TV, cellphones, video games, computers, smart devices, radios, and podcasts to only allow me to watch, listen to, or see what they want . . . .

(ECF No. 1 at 5). Among other things, Plaintiff alleges the "government" had him wrongfully terminated from multiple jobs, caused a loss of his savings accounts "while forcibly unemployed," caused damage to his credit "from forced bankruptcy," and caused him bodily harm. It is further alleged Defendant subjected him to "fake medical diagnosis," defamation of character, property damage, theft of property, false imprisonment, malicious prosecution, and battery by: "itchy gas torture," "songs stuck in your head gas torture," "body cramp torture," "vomit torture," "angry, fat gas torture." *Id*. at 5-6. Plaintiff states he had "no free will outside of the simulated reality." *Id*. at 6.

Plaintiff's Complaint is both frivolous and fails to state a claim upon which relief can be granted. The allegations are fanciful, absurd and nonsensical, asserting no plausible claim upon which relief can be granted. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (complaint subject to dismissal when no plausible claim is stated). Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i-ii), it is recommended that Plaintiff's Complaint be **dismissed without prejudice.**

**The Plaintiff has fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely**

**objections may result in waiver of the right to appeal questions of fact. The Plaintiff is reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

DATED this 23rd day of August 2021.

*/s/ Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE